UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESULAND GARIOTE, A-246 736 497,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.<br>Respondents. | No. 1:26-cv-02600-DAD-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner proceeds on a first amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 22.) For the following reasons, the undersigned recommends the petition be granted, the preliminary injunctive relief already ordered be made permanent, and this case be closed.

The undersigned adopts the facts already set forth by the district court judge assigned to this case, including those set forth herein. (ECF No. 23 at 1-2.) Petitioner is a native and citizen of Haiti (Doc. No. 1 at ¶ 23) who entered the United States on or about February 21, 2023 (Doc. No. 10 at 5). On February 21, 2023, petitioner was provided with a Notice to Appear for removal proceedings and was paroled into the United States. (Doc. No. 19 at 17, 59.) On February 7, 2024, an immigration judge ("IJ") terminated petitioner's removal proceedings without prejudice because the Department of Homeland Security ("DHS") did not prove by clear and convincing evidence that petitioner is removable as charged. (Id. at 22.)

On March 5, 2025, petitioner was contacted by ICE officers while travelling in a car and was detained without a warrant or an opportunity to contest the reason for his redetention. (Doc. No. 1 at ¶ 23.) That same day, petitioner was provided a Notice to Appear for removal proceedings alleging he was previously paroled into the United States for one year pending removal proceedings and that he is an immigrant not in possession of a valid travel document. (Doc. No. 10 at 5.) Also on the day petitioner was redetained, he requested that an IJ review ICE's custody determination. (Doc. No. 19 at 25.) More than six months later, on September 15, 2025, petitioner finally received a custody redetermination hearing before an IJ and was denied release based on the IJ's finding that he posed a danger to the community and a flight risk. (Id. at 46.)

The pending first amended petition asserts a procedural due process claim based on prolonged detention, a procedural due process claim based on redetention after release without process, and a claim for violation of the Administrative Procedures Act based on the government not following its own procedures. (ECF No. 22 at 7-10.) Petitioner also filed a motion for a temporary restraining order. (ECF No. 17.)

On May 13, 2026, the district court judge assigned to this case converted petitioner's motion for a temporary restraining order to a motion for a preliminary injunction and granted the motion, finding petitioner "is likely to succeed on the merits of his claims because he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a)" while his appeal from the IJ's March 20, 2026 order finding him removable… is pending before the BIA." (ECF No. 23 at 6.) The district court judge found "petitioner obtained a liberty interest in his continued release when he was released on parole pursuant to § 1182(d)(5) and was therefore entitled to due process protections prior to his redetention." (Id. at 7-8.) The district court judge reasoned petitioner's immediate release was the proper remedy because respondents had failed to identify a statutory basis or legal authority demonstrating that any purported change in circumstances could serve as a basis for redetention following his previous release on parole. Respondents were ordered to immediately release petitioner from custody. (Id. at 8.)

////

On May 29, 2026, respondents filed an answer to the petition, arguing the petition is moot, and further, that even assuming 8 U.S.C. § 1226(a) applies, there was no due process violation because petitioner "could have requested another bond hearing" under that statute and there is no evidence he did so. (ECF No. 26 at 2-5.) Petitioner filed a reply. (ECF No. 28.)

Aside from the further briefing received, and petitioner's motion for return of property which has been withdrawn (ECF Nos. 24, 31), the record has not changed since the district court judge found petitioner had shown a likelihood of success on the petition. The petition should be granted on the merits.

Petitioner was living in the United States when he was redetained on March 5, 2025, and thus the applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a) for six months, respondent violated petitioner's federal rights.

Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022); see 8 U.S.C. § 1226(a)(1)-(2). Respondents' assertion that petitioner could have requested a further custody redetermination hearing provides no reason to deny the petition because he was entitled to an initial bond hearing as well as other process which was not provided.

The undersigned agrees with the district court judge that petitioner obtained a liberty interest in his continued release when he was released into the United States on parole and was therefore entitled to due process protections prior to his redetention. (ECF No. 23 at 7-8.) See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release after a determination he presents no danger to the community or flight risk gave rise to a

"heightened" liberty interest in remaining out of detention protected by the Due Process Clause); Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) ("Many district courts in the Ninth Circuit have found that non-citizens paroled into the United States pursuant to § 1182(d)(5) have a liberty interest in their continued release, entitling them to certain due process protections, the extent of which are determined by applying the test provided in Mathews v. Eldridge, 424 U.S. 319, 335 (1976).").

Under the Mathews factors, petitioner's private interest in remaining free from detention is significant and strengthened by the fact that he lived freely in his community for a significant period of time while developing ties in his community. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). The risk of an erroneous deprivation of his liberty is high because he did not received any individualized bond determination or other process during six months of detention and respondents have not argued he presents a danger to the community or a flight risk. The record reveals no circumstances justifying petitioner's detention without a hearing and respondents do not provide any. Thus, the government's interest in detaining petitioner without any procedural protections is "low." See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d at 1094 (noting custody hearings in immigration court are routine and impose a "minimal" cost on the government).

The Mathews factors set forth above show due process required that petitioner receive an individualized hearing prior to his detention. The bond hearing petitioner received more than six months later does not cure the violation of procedural due process. See Zaitsev v. Warden, No. 2:26-cv-00454-SPG-AS, 2026 WL 1047942, at *7-8 (C.D. Cal. Apr. 15, 2026). Moreover, the procedural due process violation has not become moot by petitioner's release. See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1265 (11th Cir. 2026).

Accordingly, the petition should be granted on the merits as to petitioner's claim that his Fifth Amendment procedural due process rights were violated and a permanent injunction should be issued on the same terms as the preliminary injunction. Because the resolution of the petition in this manner provides the full scope of relief requested, the court need not reach petitioner's claim under the APA.

In accordance with the above, IT IS RECOMMENDED as follows:

1. The first amended petition for writ of habeas corpus be granted.
2. The preliminary injunctive relief previously ordered (ECF No. 23) be made permanent.
3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 8, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 gari2600.mer